UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KIMBERLY CHRISTIAN,

                              **Plaintiff,**

    vs.                                                             12-CV-587
                                                                          (MAD/VEB)

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

                              **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **OLINSKY LAW GROUP**<br>300 S. State Street<br>5th Floor, Suite 520<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **HOWARD D. OLINSKY, ESQ.** |
| **ROSICKI, ROSICKI LAW FIRM**<br>26 Harvester Avenue<br>Batavia, New York 14020<br>Attorneys for Plaintiff | **TANISHA T. BRAMWELL, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>Office of Regional General Counsel<br>Region II<br>26 Federal Plaze - Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **AMANDA J. LOCKSHIN, ESQ.** |

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

      In December of 2008, Plaintiff applied for Disability Insurance Benefits ("DIB") under the Social Security Act. *See* Dkt. No. 14 at 1. In February of 2009, Plaintiff filed applications for Supplemental Security Income ("SSI") benefits, alleging that she has been disabled since February 2, 2007. *See id.* On May 28, 2010, the Administrative Law Judge ("ALJ") concluded

that Plaintiff was not disabled and, therefore, did not qualify for the benefits requested. *See id.* at 2. On February 10, 2012, the ALJ's opinion became a final determination of the agency when the Social Security Administration Appeals Council denied Plaintiff's request for review. *See id.*

On April 5, 2012, Plaintiff commenced this action. *See id.* Plaintiff claims that the ALJ erred in three ways. First, Plaintiff alleges that the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence and that the ALJ failed to adequately incorporate the findings of Dr. Kalyani Ganesh, a consultative examiner. *See* Dkt. No. 11 at 12–16. Second, Plaintiff challenges the ALJ's credibility assessment regarding the intensity, persistence, and limiting effects of her symptoms. *See id.* at 16–19. Third, Plaintiff contends that the ALJ's step five analysis was legally erroneous based upon the flawed hypothetical questions presented to the vocational expert. *See id.* at 19–20.

In a Report and Recommendation dated August 12, 2013, Magistrate Judge Bianchini concluded that under either a *per se* standard or harmless error review, remand is warranted because no function-by-function assessment was completed, and without it, the "Court cannot determine whether or how the ALJ incorporated the consultative examiner's finding into the RFC determination." *See* Dkt. No. 14 at 10. Magistrate Judge Bianchini also concluded that the record needs to be "further developed by requesting an assessment from the treating physician." *See id.* at 13. Moreover, the report found that several errors were made when examining Plaintiff's credibility. *See id.* at 13–18. Finally, because "the ALJ's RFC determination was not properly developed or adequately supported by substantial evidence . . . the vocational expert's answers cannot constitute substantial evidence as the hypothetical questions may not have incorporated all of Plaintiff's limitations and restrictions." *See id.* at 19. Magistrate Judge Bianchini

2

recommended that the matter be remanded to the agency for further proceedings. *See id.* at 20. Neither party objected to Magistrate Judge Bianchini's Report and Recommendation.

When reviewing the Commissioner's final decision, the court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence to support the decision. *See Urtz v. Callahan*, 965 F. Supp. 324, 326 (N.D.N.Y. 1997) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). The Commissioner is ultimately responsible for determining a claimants eligibility; however, an Administrative Law Judge makes the actual disability determination. The decision of the ALJ is subject to judicial review on appeal. A court may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards, even if it appears that the ALJ's decision is supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). The ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted).

When a party makes specific objections to a magistrate judge's report, the district court engages in *de novo* review of the issues raised in the objections. *See Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (citation omitted). When a party fails to make specific objections, the court reviews the magistrate judge's report for clear error. *See id.*; *see also Gamble v. Barnhart*, No. 02CV1126, 2004 WL 2725126, *1 (S.D.N.Y. Nov. 29, 2004) (citations omitted).

Having reviewed Magistrate Judge Bianchini's Report and Recommendation, the parties' submissions, and the applicable law, the Court concludes that Magistrate Judge Bianchini correctly determined that the ALJ's failure to adequately develop the record undermined the ALJ's finding that Plaintiff had not been under a disability since February 2, 2007. As such, the Court

finds that Magistrate Judge Bianchini correctly determined that this matter should be remanded to the agency in order to further develop the record.

Accordingly the Court hereby

**ORDERS** that Magistrate Judge Bianchini's August 12, 2013 Report and Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the Commissioner's decision denying disability benefits is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g),[1] for further proceedings consistent with Magistrate Judge Bianchini's Report and Recommendation; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: September 26, 2013
      Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Sentence four of § 405(g) provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).